JAMES BOLTON *et al. v.* HENRY T. BOLTON.

[64 South. 967.]

1. WILLS. *Execution. Subscription by witness. Sufficiency.*

Where, when a will was executed, there were present the testator and two witnesses and one of the witnesses signed with the tes-tator and the other witness was about to sign when the tes-tator requested him to take his acknowledgment to the will as he thought that was better, which was accordingly done, the ac-knowledgment being on a blank, and the will and acknowledg-ment were folded together and handed the testator who handed it back to one of the witnesses with the request that he take good care of it, the will in such case was sufficiently attested, since it was apparent that the witness took the acknowledgment.

and signed his name to the same for the purpose of showing that he witnessed the execution of the will.

:2. SAME.

Where the names of attesting witnesses to a will are on separate sheets of paper from that of the testator, the will is sufficiently attested if these sheets are physically connected, and the same result will follow where the testator, knowing what the signature of the witness was intended to be, handed the two papers, folded together, to one of the witnesses as his completed will.

APPEAL from the chancery court of Quitman county.

HON. M. E. DENTON, Chancellor.

Bill by James Bolton and others against Henry T. Bolton and others to set aside the probate of the will. From a decree sustaining the will, complainants appeal.

The facts are fully stated in the opinion of the court.

*E. C. Black,* for appellants.

Appellants contend that the acknowledgment which was taken by J. M. Whatley cannot be construed under the law so as to make the said J. M. Whatley an attesting witness with Dr. W. G. Harris to the execution of the will. The paper on its face does not indicate that Whatley was an attesting witness, but rather signed in his official capacity as though he were taking an acknowledgment for a conveyance of land, and this cannot be construed as an attesting witness. *Burton* v. *Brown,* 25 So. 61. In the case above cited, though not indicated in either the statements of the facts or the opinion, yet by an examination of the testimony of the Reverend H. M. Mingo, Senior, it is shown that he signed and intended to sign as a witness and his testimony complied fully with the requirments of the statute in such cases, as is also shown from the testimony of the witness Reverend Thomas Morgan, yet the court held that the Reverend H. M. Mingo, Senior, did not sign as a witness, but as *amanuensis.* The appellants further contend that J. M. Whatley did not sign as an attesting witness under the law,

because he signed upon a separate piece of paper from that upon which the will was written and which said sheet of paper was not, then and there in the presence of the testator, attached to the will, but later after having lain in the safe or office of Dr. W. G. Harris for an indefinite time was attached to the will by the said Dr. Harris at a time when neither the testator nor the said Whatley were present. In Schouler on Wills (2 Ed.), par. 336, it is said that the paper on which the witness signs must be connected at the time. 1 Jaron on the Law of Wills, p. 109.

If we take Whatley's version of the matter it cannot be contended that he signed as a witness for Whatley said: ''I started to sign as a witness to the will and W. S. Bolton told me not to sign as a witness but to take his acknowledgment.'' It is manifest that when J. M. Whatley started to sign as a witness, and was requested not to do so, his office as an attesting witness then and there ceased and he became an officer before whom an insufficient acknowledgment was executed. However, this is in conflict with the testimony of the witness Harris and we contend that this presents a question for the jury.

Appellants insist again that the will is not valid not only because Whatley was not a subscribing witness, but because there were two distinct pieces of paper used in the effort to execute the will which were not connected either by continuity of meaning, or physical connection. We contend that the alleged body of the will and the acknowledgment which was taken by Whatley above referred to are not one and the same instrument, because if considered separately there is no coherence of meaning or continuity of thought and even appellees cannot say these two sheets of paper were physically connected at any time in the presence of the testator and the witnesses which we think is a necessary requisite to the validity of the will. Appellees may rely upon the fact that these two sheets of paper were kept together, but we contend

these papers should have been physically connected at the time and in the same presence of both the testator and the witnesses. *Murray* v. *Murphy,* 39 Miss. 214; 29 A. & E. (1 Ed.), 229; Schouler on Wills (2 Ed.), par. 336; 1 Jarmon on the law of Wills, 109, *et seq.;* 40 Cyc. 1093 and 1094 and notes thereunder. The facts are, these two separate and distinct sheets of paper were carried off by Dr. W. G. Harris and kept in his safe and were physically connected at some indefinite time prior to the effort for probation. Counsel for appellees will doubtless rely upon the announcement in *Murray* v. *Murphy, supra,* but we insist that this case does not decide our contention, that the body of the will and the attestation of a witness must be so connected in the presence of the testator and the attesting witnesses so as to make it one instrument under the law. It may be insisted by counsel for appellees that the clear intent of the testator was carried out, and therefore his will properly executed, but we contend that a strict compliance of the statute must be before there is a valid will, and in the case at bar we respectfully submit that no such strict compliance was made. 60 A. S. R. 616; 76 A. S. R. 294. We take it that this safeguard is for the protection of those who wish to dispose of their property and direct the manner and purposes for which it might be used, and a disregard of this strict compliance with the statute would leave wide open the doors of fraud. Schouler on Wills (2 Ed.), par. 336. In the case at bar W. S. Bolton may have intended to will his property as is indicated in the alleged document, but the question is, did he comply with the statute?

We therefore respectfully submit that this case should be reversed and remanded.

*Mack & Donaldson,* for appellees.

It is contended that the will is not properly witnessed by two subscribing witnesses, as provided by the statute. There is no contention as to the witness Harris,

but appellants say that the attestation of the witness, J. M. Whatley, is insufficient, and cite in support of that contention the case of *Burton* v. *Brown,* 25 So. 61. In reply to this contention by appellants, we say that an acknowledgment is the most solemn form of attestation, and has been so held by the Mississippi supreme court in the case of *Murray* v. *Murphy,* 39 Miss. 214, which case was almost exactly like the one at bar. The only difference in the case at bar and the case of *Murray* v. *Murphy,* being, that at the time of *Murray* v. *Murphy* case, it was necessary to have three witnesses instead of two as is the case now. In the *Murphy case, supra,* one of the three necessary witnesses was a justice of the peace and thinking to lend dignity to his act of attestation, took a formal acknowledgment. The supreme court held the acknowledgment to be mere surplusage and not to in any way impair or detract from the act of attestation, and that an acknowledgment was a most solemn form of attestation and sufficient. In the instant case, it was necessary to have two subscribing witnesses, and one of them being a member of the board of supervisors, and according to his own testimony, thinking and intending to make the act better, stronger and of more solemn and binding effect, he formally took the acknowledgment of the testator. If this was held to be sufficient in the case of *Murray* v. *Murphy, supra,* we can see no valid reason for the court now holding otherwise. And even without the precedent of the case cited, the same logic and the same reasoning would now apply as then, and would inevitably lead to the same result.

As to the other point raised by the brief of appellants, as to whether the acknowledgment being written out on a separate slip of paper, or blank form and not then and there attached before the actual signing by the testator and the witnesses, I have been unable to find any direct precedent among the authorities which I have examined. After all, it would seem to resolve itself into a matter of

intent of the parties, and in the absence of any fraud or even allegation or intimation of fraud, would seem to have very little weight or bearing on the case. I can conceive, had there been any proof of fraud on the part of the custodian of the will, there might be some ground for submitting to the jury the question whether or not the acknowledgment was a part of the will, or whether the slip which is now attached and forms a part of the instrument was originally intended to be, and was in fact a part of the will. But there is no contention that it was not intended so to be, and no proof was offered by contestants even tending to show a different state of facts, and there being no conflict as to the testimony on this point, the peremptory instruction in so far as this point was concerned was correct. All the proof shows that the acknowledgment was written out and signed in the presence of the testator and in the presence of the other witness, and though the testimony is somewhat in conflict as to whether any attempt was made to physically attach it to the will at that time, Dr. Harris testifying that he did try to paste the two papers together, but the paste available at the home of the testator being poor, he repasted them when he reached his office, while J. M. Whatley's recollection of the transaction was that the two pieces of paper were merely folded together and delivered to Dr. Harris, yet the proof does show clearly that the paper on which was written the acknowledgment was at least placed with the will at the time and as a part thereof, folded up with it and carried by Dr. Harris, the custodian of the will and placed in his office safe until carried to the office of the chancery clerk to be offered for probate, never being separated and always kept together as parts of the same instrument. There is no conflict in the proof as to this, and consequently no question for the jury to decide.

It is contended that there is a conflict in the testimony of Dr. Harris and J. M. Whatley sufficient to have

caused a question for the jury as to whether the witnesses knew how many subscribing witnesses were necesary to a will. If there is any conflict as to this point, it is certainly immaterial, and it made no difference whether the witnesses knew the law or not so long as they stumbled into a compliance with its mandates, and there was no question in that for a jury to decide.

We therefore submit that no question was raised by the proof for submission to a jury and the court below was within its province in granting the peremptory instruction.

SMITH, C. J., delivered the opinion of the court.

Appellants filed their bill in the court below to set aside the probate of the will of their brother, W. S. Bolton, and issue *devisavit vel non* was made up, and at the close of the evidence the court peremptorily charged the jury to find, "that the writing propounded is the last will and testament of W. S. Bolton, deceased," and there was a verdict and decree accordingly. The objection here urged to the will is that it is attested only by one witness.

When the will was executed there were present the testator, Dr. W. T. Harris, and Mr. J. M. Whatley, a member of the board of supervisors of Quitman county. Dr. Harris wrote the will and signed his name thereto as an attesting witness. Mr. Whatley, who was present by request, was about to sign his name thereto also as an attesting witness, when the testator said to him: "I would rather you take my acknowledgment to it, because I think it is better." Dr. Harris then commenced to write an acknowledgment at the end of the will, whereupon Whatley took from his pocket a blank printed acknowledgment, took the testator's acknowledgment, filled out and signed the blank, and handed it to Dr. Harris, who handed it, folded together with the will, to the testator, who handed them back to Dr. Harris, with the request that he put it in his pocket and take good care of it. Thus far, there is no conflict in the testimony.

According to Whatley, the acknowledgment was not physically connected with the will. According to Dr. Harris, he made an effort when the acknowledgment was handed to him to paste it to the will; but, the paste being defective, he failed so to do. He afterwards, however, attached it to the will with mucilage.

The contention of appellants is that Whatley cannot be held to be an attesting witness for the reasons: First, that he did not sign the will for that purpose; and, second, that his signature is on a sheet of paper not physically connected with the one on which the signature of the testator appears.

This will was signed by the testator in the presence of Whatley, and there can be no question that his taking the acknowledgment and attaching his signature thereto, was for the purpose of evidencing the fact that he had witnessed the execution of the will by the testator.

It is not necessary for the signature of the attesting witness to be on the same sheet with the signature of the testator. All that is necessary is that such witness shall attest the will. All of the authorities which have come under our observation hold that, where the names of attesting witnesses are on a separate sheet from that of the testator, the will is sufficiently attested if these sheets are physically connected. If Dr. Harris therefore had pasted these sheets together at the time the will was executed, there can be no doubt, under the authorities, that the attestation of Whatley would have been sufficient. It seems to us that the same result must follow when the testator himself, knowing what Whatley's signature was intended to be, handed the two papers to Harris, folded together, as his completed will.

*Affirmed.*