# Kyle *v.* Jordan.

## *Ejectment.*

(Decided May 21, 1914.   65 South. 522.)

1. *Deeds; Separate Writings; Construction.*—A separate paper writing, which contained matter of description, continuous with and supplemental to the description of property embraced in a deed, and though not signed and not referred to in the deed, but delivered to the grantee with the deed as a part of it, was properly admitted in evidence as a part of the deed.

2. *Same.*—In order to render a supplemental writing, not referred to or identified in a deed, competent to be introduced in evidence as a part of the deed, it must appear; that it was written contemporaneously with the deed by the grantor, or his draftsman, it must have been physically before the grantor when he executed the deed, it must have been delivered to the grantee along with and as a part of the deed, it must not contradict any of the deed's express terms, and must upon its face be continuous, coherent and consistent with that part of the deed which it purports to supplement—there must be internal evidence of the identity and unity of the two writings as constituting a single transaction.

3. *Same; Validity; Description.*—The description contained in the deed examined, and held not void for uncertainty.

4. *Ejectment; Evidence; Newspaper Advertisement.*—Where both parties claim from a common grantor—the defendant under a sale from the executor of the common grantor, it was not competent for the plaintiff to introduce in evidence newspaper advertisements of the executor's sale purporting to show that the land in controversy was excepted, for the executor was given full power under the will to sell, and he was not bound by the statutory requirements as to advertising; nor were they competent as admissions by the executor, as such admissions would be of no legal value as against the testator.

5. *Appeal and Error; Review; Presentation Below; Requests.*— Reversible error will not be predicated upon the giving of a charge as to adverse possession because of misleading tendencies as to what constitutes such possession, in the absence of a request for an explanatory instruction.

(Anderson, C. J., and Sayre and de Graffenried, JJ., dissent in part.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by S. E. Jordan against R. B. Kyle. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plaintiff sued for the recovery of five acres of land in the N. W. ¼ of the S. W. ¼, section 33, township 11, range 6 E., in Etowah county. As to their paper titles, both plaintiff and defendant claim through one N. M. Thornton.

Plaintiff offered in evidence a deed from said Thornton to one M. Clanninger, which was written on a partly printed form, and the descriptive part after the words "of grant" was as follows:

"A lot or parcel of land situate and bound on the Lookout Mountain on the northwest, 40 of the S. W. ¼ of section 33, it being the said land bought by said Thornton from Swann & Billups, trustees of the railroad company of the Great Southern road, and situated on said 40 as follows: Commencing at the S. W. corner of said 40, and adjoining land occupied by John Livingston, it being north of said Livingston house, and running north on the section line, from the corner to the top of the cliff, just south of road leading to the spring near said line, and running along said cliff far enough to meet a line commencing at S. W. corner, about 300 feet up said road north until it reaches a path near said pine tree, then *paral* line to western."

In connection with this document, and as a part of the deed, plaintiff offered a separate paper containing the following written words:

"Corner as described heretofore, north of said boundary to contain 5 acres and must run up the mountain to make 5, and east for quantity to make said 5 acres, and said public road must be kept open, the said Clanninger is to pay said Thornton $15 per acre for said 5 acres of land, and now the said N. M. Thornton reserves from sale all mineral of any and all description, and a right to use it or take it out of said land, and a road to and from said minerals, if there should be any found on said 5 acres of land."

[Kyle v. Jordan.]

The defendant separately objected to the admission of the deed and of the separate paper because immaterial and incompetent, and because the description is void for uncertainty, and because the separate paper was not made a part of the deed or referred to therein, and because the deed was incomplete. Both documents were admitted, and defendant duly excepted.

Plaintiff identified the documents by the testimony of M. Clanninger, the grantee, who testified that the grantor, Thornton, wrote the deed out himself; that there was not enough room for the description of the property on the one paper, and he finished it out on the other deed; that he then signed the deed and folded the two pieces up together, and handed them to witness. The separate piece of paper was not referred to in the main deed, and there was no signature nor attestation, nor any marks of identification placed thereon. The deed was made in 1883, and the uncle of witness had previously bought the land, and was then living in a house which stood on it, but had not paid for it and had not received the deed. Plaintiff then introduced a deed to himself from Clanninger, conveying by the same description as used in the combined parts of the Thornton deed. Defendant showed a regular paper title back to said N. M. Thornton, originating in a deed from his testamentary executor, covering the north half of said section 33, and in connection therewith offered in evidence the will of Nat Thornton (identified as N. M. Thornton), making his son, H. J. Thornton, executor with full power and authority to sell all lands of the testator; the other terms of the will not being otherwise set out.

Both parties offered evidence tending to show continuous adverse possession of the land in each, plaintiff from 1883, and defendant from 1895.

The trial court admitted, against defendant's objection, certain newspaper advertisements of the executor's sale of said Thornton's land, giving notice that the executor would sell among other tracts described all except 5 acres of the N. ½ of the S. W. ¼, section 33, township 11, range 6 east. The trial court gave, at plaintiff's request, charge 9:

"The court charges the jury, that, to acquire title by adverse possession, there must be: (1) An actual occupancy, clear, definite, positive, and notorious; (2) it must be continuous, adverse, and exclusive during the whole period in this case, of at least ten years; (3) it must be with intention to claim title to the land occupied."

The court refused the general charge to defendant.

W. J. BOYKIN and GEORGE D. MOTLEY, for appellant. The deed from Thornton to Clanninger is void for uncertainty.—*Green v. Dickson,* 119 Ala. 346. The court erred in admitting the separate paper writing.—§ 3355 Code 1907. The court erred in admitting the advertisements of the sale by the executor.—*Bernstein v. Humes,* 75 Ala. 421; *Newsome v. Snow,* 91 Ala. 642; *Hoffman v. White,* 90 Ala. 354. The defendant showed a perfect title by adverse possession under color, and this without conflict, and was therefore entitled to the affirmative charge.—*Stovall v. Fowler,* 72 Ala. 78; *Burks v. Mitchell,* 78 Ala. 63; *Lucy v. Tenn. Co.,* 92 Ala. 246; *Normant v. Eureka Co.,* 98 Ala. 181.

O. R. HOOD, for appellee. The court properly admitted in evidence the separate paper writing, as it was sufficiently identified, and bore internal evidence of its being a part of the deed.—*Kelly v. Life Ins. Co.,* 113 Ala. 463; *Bridgeport L. Co. v. Amer. Car Co.;* 94 Ala.

[Kyle v. Jordan.]

596; *M. & M. R. R. Co. v. Gilmer,* 85 Ala. 423; *Byrne v. Marshall,* 48 Ala. 357.   Extrinsic evidence was admissible to show all the facts surrounding the transaction. —*Robbins v. Webb,* 68 Ala. 399.   The description of the Thornton deed did not render it void for uncertainty. —*Carling v. Wilson,* 58 South. 417; *Gaston v. Weir,* 84 Ala. 193; *Green v. Jordan,* 83 Ala. 220.   Plaintiff was entitled to recover on prior possession.—*McCreary v. Jackson Lumber Co.,* 148 Ala. 247; *Roe v. McCarty,* 157 Ala. 449.   The description in the notices were void, and the notices were therefore admissible to show that the sale was void and that defendant acquired no title. —*Gilchrist v. Shackelford,* 72 Ala. 7; *Kornegay v. Mayer,* 135 Ala. 141.

SOMERVILLE, J.—The most important question raised by the record is whether a separate piece of paper, upon which a grantor has written matter of description, continuous with and supplemental to the description of property embodied in the deed proper, and which though not signed, and not referred to in the deed proper, is delivered to the grantee along with the deed as a part of it.   The question assumes, of course, that the deed proper was executed after the supplemental writing was made; and it presupposes the use of parol evidence to show that the two writings are contemporaneous as to preparation and delivery.

It is well settled in the law of wills that an extrinsic document cannot be treated as a part of a will unless three conditions are met: (1) There must be a distinct reference in the will to the document sought to be incorporated; (2) the extrinsic document must be so accurately described in the will as to assure its identity; and (3) it must be in actual existence at the time when such reference to it is made in the will.—*Bryan's Ap-*

*peal,* 77 Conn. 240, 58 Atl. 748, 68 L. R. A. 353, and note, 107 Am. St. Rep. 34, 1 Ann. Cas. 393; *Bryan v. Bigelow,* 77 Conn. 604, 60 Atl. 266, 107 Am. St. Rep. 64, and note. It is also well settled that extrinsic documents referred to in deeds may be resorted to for the identification of the property or estate intended to be conveyed.

With respect to contracts governed by the statute of frauds, the general rule seems to be much the same as in the case of wills.—*Oliver v. Ala. G. L. Ins. Co.,* 82 Ala. 417, 426, 2 South. 445; *Forst v. Leonard,* 112 Ala. 296, 303, 20 South. 587. But in this state, even in the absence of direct reference, parol evidence has been admitted to connect and unify distinct but correlated documents. The question arose in one of our early cases, where it was said:

"From this examination, it appears that neither of the instruments offered in evidence shows a sufficient compliance with the statute of frauds to constitute a binding contract for the sale of lands, when, as in this case, the statute is pleaded. It was, however, contended that, although the auction sale bill nor the letter, taken singly, might be evidence of a contract for the sale of lands under the statute, yet, taken together, they would be sufficient. Conceding that to be the fact, it is very clear that unless there is a direct reference in one to the other, so as in effect to embody in itself the paper referred to, *without the aid of parol proof* to effect such union, they cannot be considered together." (Italics ours.) *Adams v. McMillan,* 7 Port. 73, 86.

So, in a later case, it was said:

"The rule is general, that several papers, relied on to meet the requirements of the statute of frauds, should on their face indicate a reference to each other.—*Carter v. Shorter,* 57 Ala. 253; *Knox v. King,* 36 Ala. 367. The rule is not absolute, and there are cases in which parol

evidence of contemporaneous facts, and of the circumstances in which the parties were when the writings were signed, will be received, to show their connection. * * * The implication of connection between the memorandum and the deeds is almost irresistible, from their mere inspection, and there was no just objection to parol evidence of the contemporaneous facts, and the circumstances surrounding the parties showing that they were but parts of the same transaction.—Browne on Stat. Frauds, § 350." *Jenkins v. Harrison*, 66 Ala. 345, 360.

The distinction between *Jenkins v. Harrison* and *Oliver v. Ala. G. L. Ins. Co.* must, we think, be founded upon this consideration: In the former case the writings admitted, though distinct, were practically contemporaneous with the principal document and formed together with it a single connected transaction, while in the latter case the writings were distinct and *collateral*, and hence, though the extrinsic document, if referred to, could be *identified* by parol evidence, it could not be thus *connected* with the principal document if not referred to therein. It is to be observed, also, that the stated rule as to wills is with respect to extrinsic *collateral* documents; that is, writings which are not only physically separated by being written on separate pieces of paper, but which originate as distinct writings and not as complementary parts of the will.

It is settled by our decisions that a will need not be written on one piece of paper, and also that, when written continuously on more than one sheet, it is no objection to the will as a whole that the several sheets are not attached or bound together, and only the last one in sequence bears the signature of the testator.—*Woodruff v. Hundley*, 127 Ala. 640, 653, 29 South. 98, 85 Am. St. Rep. 145; *Barnewall v. Murrell*, 108 Ala. 366, 18

South. 831. In the latter case the rule, as stated in the headnote, is:

"The validity of an instrument as a will is unaffected because of the fact that it is composed of or written on several separate sheets, if they are connected and coherent in sense, by an adaptation of the several parts; if due execution be shown, the signature and attestation will be referred to all sheets, even though they were loose and detached."

While the precise question now before us seems never to have been decided by this or any other court, the authorities and principles above adverted to furnish important analogies which suggest, if they do not compel, our present conclusion.

We hold that whether or not a supplemental writing, not referred to nor identified in the executed deed, can be offered and received in evidence as a part of the deed must depend upon the considerations: (1) It must be written contemporaneously with the deed by the grantee or his draftsman; (2) it must be physically before the grantor when he executes the deed: (3) it must be delivered to the grantee or his agent along with and as a part of the deed; (4) it must not contradict any of its expressed terms; and (5) it must upon its face be continuous, coherent, and consistent with that part of the deed which it purports to supplement (that is, there must be internal evidence of the identity and unity of the two writings as constituting a single transaction).

We think the supplemental writing here offered as a part of the deed in question meets these requirements, and, in the light of the parol evidence of identification and delivery, was properly received as a part of the deed. There is nothing in our statute (section 3355), prescribing the form of deeds and the mode of their execution, which in any way militates against this conclusion.

The description of the property, as comprehended in the entire deed, is not void upon its face for uncertainty, and that objection to the deed was properly overruled.

As affecting the validity of the executor's public sale of Thornton's estate, including the land in suit, or, perhaps, as an admission by the executor of his testator's want of title to part of the 80-acre tract, plaintiff was allowed to introduce in evidence certain advertisements of the sale showing an offer to sell, not the N. ½ of S. W. ¼ of section 33, as was actually deeded, but "all except five acres" of that tract.

If, as the record recites, the will gave to the executor "full power and authority to sell all of the testator's estate," he was clearly not bound by the statutory requirements as to advertisement of a sale made upon an application to and order by the probate court. And, if this executor's sale had been so governed, a defective description in the advertisement would not avoid the sale on collateral attack.—*Matheson v. Hearin,* 29 Ala. 210, 215.

Nor were the advertisements competent evidence on the theory that they were implied admissions by the executor that his testator had disposed of 5 acres of this particular 80-acre tract. The language used does not tend to support such an implication; and, in any case, such an admission by an executor would be without legal value or significance, as against the testator. We think the trial court erred in the admission of these advertisements.

Charge 9, given to the jury at the instance of plaintiff, states that the occupancy needful for adverse possession must be "clear, definite, positive, and notorious." It is insisted by appellant that the use of these several adjectives in this connection was misleading to the jury and prejudicial to him.

[City of Decatur, et al. v. Southern Railway Company.]

The language of charge 9 (excepting one clause which is not material) is found in 3 Wash. on Real Property (4th Ed.) pp. 135, 136, and is quoted with approval in *McDaniel v. S. S. S. & I. Co.*, 152 Ala. 414, 417, 44 South. 705, 126 Am. St. Rep. 48. Some of the quoted requirements as to physical occupation are of doubtful advantage in a charge to the jury, but their misleading tendency, if any they have, should have been obviated by an explanatory charge; and reversible error cannot be predicated upon the giving of the charge as formulated.

No other questions being argued in appellant's original brief, we will not consider additional questions discussed for the first time in a supplemental brief.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., dissent from the opinion in part.