### ELSTON v. PRICE. (7 Div. 406.)

(Supreme Court of Alabama. Dec. 20, 1923. Rehearing Denied Jan. 24, 1924.)

1. Wills ⬅114—Must be attested by two witnesses in testator's presence.

An instrument, to be effective as a will, must have been attested by at least two witnesses subscribing their names thereto in testator's presence under Code 1907, § 6172.

2. Wills ⬅114—Attestor must affirm that testator executed will in his presence; "attestation."

The essential thing in attestation of a will is that attestor by his signature shall affirm that

testator executed the will in his presence; attestation consisting in the witness seeing that the things required by the statute exist and are done.

[Ed. Note.—For other definitions, see Words and Phrases First and Second Series, Attest—Attestation.]

**3. Wills ⬅123(1)—One may sign as witness, though he also intended signature for another purpose.**

It does not follow that one did not sign as a witness to a will because he also intended his signature to serve another purpose.

**4. Wills ⬅123(1)—Physician signing sanity certificate held not to have attested will.**

A physician signing a certificate as to testatrix's sanity at the time of her signature of the will in his presence *held* not to have attested it as a subscribing witness.

Appeal from Probate Court, Calhoun County; Thos. W. Coleman, Judge.

Petition of Allen Elston to probate the will of Susan E. Price, deceased, and contest by N. J. Price. From a decree sustaining the contest, petitioner appeals. Affirmed.

Susan E. Price owned certain real estate in Calhoun county, and before her death, wishing to make disposition thereof, she sent for one Mrs. Hudson, a notary public in that community, and also for a physician, Dr. B. F. Caffey. Mrs. Hudson wrote for her the instrument here offered for probate, which, omitting the description, is as follows:

"State of Alabama, Calhoun County.
"Personally appeared before me, Mrs. Callie M. Hudson, a notary public in and for said state and county, Susan E. Price, who being duly sworn testified to the following: That I own the following property described herein [here follows description of certain real estate]. I wish to bequeath one·half of the above-described property to Charley and Fannie Kelley and the other half to Allen and Jane Elston, excepting the house and barn which goes to Charley and Fannie Kelley.
"Susan E. Price.
"Subscribed and sworn to before me this the 13 day of July, 1922,
"Mrs. Callie M. Hudson, N. P."

The original papers were forwarded for inspection by this court.

At the same time this instrument was signed there were present, aside from Susan E. Price, Mrs. Hudson, Dr. B. F. Caffey, and one Kelley, a brother of Susan E. Price. After writing the foregoing instrument, Mrs. Hudson, at the request of Susan E. Price, wrote a certificate for Dr. Caffey to sign setting forth that testatrix was of sound mind; this he did. The certificate is as follows:

"I, B. F. Caffey, a practicing physician of Calhoun county, state of Alabama, do hereby certify that Susan E. Price is of sound mind.
"B. F. Caffey, M. D.
"Subscribed and sworn to before me this the 13th day of July, 1922.
"Mrs. Callie M. Hudson, N. P."

This certificate was written upon a separate piece of paper and was not attached at the time to the instrument above described. The first instrument was offered for probate by one of the devisees named therein, and was contested by appellee, the husband of Susan E. Price, upon the ground the instrument was not duly executed as required by the statute in that it was not attested by two subscribing witnesses. Dr. Caffey testified that Susan E. Price signed the first instrument, above described, in his presence, and, as to himself, stated that said Susan "wanted me to testify that she was sane, * * * asked me to sign a statement as to her sanity, and I did sign it. * * * The statement I signed was on a separate piece of paper from that on which the will was written and was not at that time attached to it." Mrs. Hudson, testifying to this point, said:

"She told me to write a certificate for Dr. Caffey to sign that she was of sound mind, and I did that. Dr. Caffey then signed the certificate."

The evidence as to the execution of the instrument was without dispute, and for the purposes of this case it seems to be conceded that the instrument was sufficient in form to be construed as a will. The trial court sustained the contest, dismissed the petition, and from this judgment the proponent has prosecuted this appeal.

Lapsley & Carr, of Anniston, for appellant.

A will may be on several sheets, and attestation will be referred to all sheets. Barnewell v. Murrell, 108 Ala. 366, 18 South. 831; Kyle v. Jordan, 187 Ala. 355, 65 South. 522; Murphy v. St. Louis Coffin Co., 150 Ala. 148, 43 South. 212. Attestation is not affected by the statement of the witness that he signs for a particular purpose. Tilton v. Daniels, 79 N. H. 368, 109 Atl. 145, 8 A. L. R. 1073; Williams v. Spencer, 150 Mass. 346, 23 N. E. 105, 5 L. R. A. 790, 15 Am. St. Rep. 206; 40 Cyc. 1126; Keely v. Moore, 196 U. S. 38, 25 Sup. Ct. 169, 49 L. Ed. 376; Adams v. Norris, 23 How. 353, 16 L. Ed. 539; Bolton v. Bolton, 107 Miss. 84, 64 South. 967.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

No will is effectual to pass real or personal property, unless signed by the testator and attested by at least two witnesses. Code 1907, § 6172; 1 Words & Phrases, 362; Ex

parte Le Roy, 3 Bradf. Sur. (N. Y.) 227. An instrument not executed or attested according to law will not be given the effect of a will, regardless of the evident intent of the testator. Blacksher Co. v. Northrup, 176 Ala. 190, 57 South. 743, 42 L. R. A. (N. S.) 454; Dawkins v. Dawkins, 179 Ala. 666, 60 South. 289; Burton v. Brown (Miss.) 25 South. 61.

GARDNER, J. [1] The court below sustained the contest to the alleged will of Susan E. Price upon the ground the instrument offered for probate had not been attested by two witnesses, as required by our statute: Section 6172, Code 1907. Under this statute the instrument here in question to be effective as a will must have been "attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator." Unless this requisite of the statute was complied with, the instrument was ineffectual to pass real or personal property. Woodruff v. Hundley, 127 Ala. 640, 29 South. 98, 85 Am. St. Rep. 145; Blacksher v. Northrup, 176 Ala. 190, 57 South. 743, 42 L. R. A. (N. S.) 454.

Statutes of this character are enacted for the purpose of removing uncertainty as to the execution of wills and safeguard testators against frauds and impositions. Riley v. Riley, 36 Ala. 496; Brengle v. Tucker, 114 Md. 597, 80 Atl. 224; Dawkins v. Dawkins, 179 Ala. 666, 60 South. 289.

In Riley v. Riley, supra, it was held that one subscribing witness could not write the name of another subscribing witness, when the latter was able to write and does not physically participate in the signing, and thus bring the execution of the instrument within the statute. Speaking to this question the court said:

"To hold that these facts amounted to a valid execution and attestation of the will, would certainly weaken the safeguards against frauds and forgeries, which it was the purpose of the statute to provide. It is manifest that the signatures of the witnesses, written by themselves, furnish a reliable foundation for those legal presumptions in favor of the due execution of a will, which arise upon proof of the handwriting of the witnesses, when they are dead or out of the State. We think we consult sound public policy in deciding, that one of the subscribing witnesses to a will cannot sign the name of another who is himself well able to write, and who does not physically participate in the act of signing."

The cases of Riley v. Riley and Dawkins v. Dawkins, supra, are cited by way of illustration of the importance with which the court has viewed the compliance with the statute and the reasons therefor, though they bear no close analogy to the question here presented.

[2] In discussing a statute of similar character, and calling attention to the fact that a will to be duly authenticated must be both attested and subscribed, the Supreme Court of New Hampshire, in Tilton v. Daniels, 79 N. H. 368, 109 Atl. 145, 8 A. L. R. 1073, makes use of the following quotations and definitions, which are here in point:

"Attestation 'consists in the witnesses seeing that those things exist and are done which the statute requires.' * * * 'Attestation is the act of the senses; subscription is the act of the hand; the one is mental; the other mechanical.' * * * To attest the signature means to take note mentally that the signature exists as a fact. If this is done, and the attestor also subscribes his name, the statute is complied with. The essential thing is that 'by the signature he meant to affirm that the deceased executed the will in his presence.'"

In Smith v. Buffum, 226 Mass. 400, 115 N. E. 669, L. R. A. 1917D, 894, the Massachusetts court, speaking to a like question, said:

"Subscription applied to the witnessing of wills has been interpreted in England to mean the attachment to the instrument of any identifying writing with the purpose of identifying thereby the paper as the one signed by the testator and attested by the witness."

Numerous cases bearing upon this question may be found cited in the note to Tilton v. Daniels, supra, but to review each of the authorities would extend this opinion to undue length.

[3] The authorities are agreed that it by no means follows that a person did not sign as a witness to a will because he also intended his signature to serve another purpose. 1 Jarman on Wills, 119. See, also, Keely v. Moore, 196 U. S. 38, 25 Sup. Ct. 169, 49 L. Ed. 376. This is also illustrated by some of our decisions wherein defective acknowledgments to instruments have been given the force of attestation as a subscribing witness. Decisions of this character are without influence upon the present appeal.

[4] We have quoted from Tilton v. Daniels, supra, that the essential thing is that by the signature the witness meant to affirm the deceased executed the will in his presence. From the undisputed proof in this case this cannot here be said. The instrument offered for probate was signed by Susan E. Price, and attested by Mrs. Hudson. Dr. Caffey was not requested to sign this instrument as a subscribing witness. He was there for the purpose of certifying as to the sanity of the testatrix. The certificate was written by Mrs. Hudson, was on a separate piece of paper, and not attached to the instrument offered for probate. It is quite clear from the undisputed proof that all the parties were entirely unaware of the requirements of the statute for the execution of a valid will, and that it occurred to no one present there existed any necessity for Dr. Caffey to attest the instrument offered

for probate as a subscribing witness. He fully met the purposes of his visit by the execution of the certificate as to sanity, and we think it quite clear that his signature to the certificate, under the circumstances here shown, cannot upon any reasonable grounds be construed to the effect that Dr. Caffey meant thereby to affirm that the deceased executed the will in his presence.

We have examined with care the authorities cited by counsel for appellant, among them Williams v. Spender, 150 Mass. 346, 23 N. E. 105, 5 L. R. A. 790, 15 Am. St. Rep. 206; Keely v. Moore, supra; Kyle v. Jordan, 187 Ala. 355, 65 South. 522; Shirley v. Ezell, 180 Ala. 352, 60 South. 905; but find nothing in them which militates against the conclusion which we have here reached.

We are of the opinion that the court below correctly ruled in sustaining the contest and dismissing the petition; and the judgment rendered will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.