(103 So. 594)

**STANARD v. MILLER et al. (8 Div. 733.)**

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied April 16, 1925.)

**I. Wills ☞293(6)—Scrivener's testimony as to whether papers propounded contained what testatrix dictated held competent.**

In will contest, it was competent to ask scrivener whether sheets of paper offered for probate contained what testatrix dictated, for purpose of identifying documents.

**2. Wills ☞293(6)—All circumstances and conditions surrounding preparation. execution, and witnessing of will competent.**

All surrounding circumstances and conditions, under which sheets of paper offered for probate were prepared, executed, and witnessed, are competent as res gestæ of execution of document, preliminary to introduction thereof in evidence.

**3. Wills ☞97—Validity not affected by form or composition of separate sheets, if so connected and coherent as to be testamentary whole.**

Validity of instrument as will is unaffected by form or because composed of several separate sheets, if so connected and coherent in meaning and by adoption of several parts as to be testamentary whole, and duly executed.

Appeal from Probate Court, Madison County; Thos. W. Jones, Judge.

Petition by John C. Stanard to probate the last will of Birdie Crute, deceased, and

contest by Sadie Mae Miller and others. From a decree for contestants, proponent appeals. Reversed and remanded.

Cooper & Cooper, of Huntsville, for appellant.

It was error to refuse to permit proponent to identify the sheets of paper sought to be probated and to show execution of same. Woodroof v. Hundley, 133 Ala. 395, 32 So. 570; Roberts v. Trawick, 13 Ala. 68; Henry v. Hall, 106 Ala. 84, 17 So. 187, 54 Am. St. Rep. 22.

Lanier & Pride and Spragins & Speake, all of Huntsville, for appellees.

The form prescribed by statute must be followed in making a will. Re Estate of Mcginn, 278 Pa. 89, 122 A. 264, 30 A. L. R. 418; Seiter's Estate, 265 Pa. 202, 108 A. 614; Blacksher Co. v. Northrup, 176 Ala. 190, 57 So. 743, 42 L. R. A. (N. S.) 454; Matthews v. McDade, 72 Ala. 377; 40 Cyc. 1093.

THOMAS, J. The appeal was from decree of the probate court rejecting the probate of the alleged will offered for probate. Rulings on evidence are challenged and presented for decision.

[1] It was competent to ask the witness Mrs. Garrett: "Do these sheets of paper contain what Birdie Crute dictated to you?" (Goldsmith v. Gates, 205 Ala. 632, 88 So. 861); it was necessary in identification of the document propounded for probate. Hall's Heirs v. Hall's Executors, 38 Ala. 131; Chandler v. Chandler, 204 Ala. 164, 166, 85 So. 558; 51 L. R. A. (N. S.) 930, note; L. R. A. 1916C, 1221. After the death of testatrix, no person other than the one who took the dictation at the instance of Birdie Crute and transcribed the same on the two sheets of paper now made the subject of inquiry could identify the document or documents in question.

[2] Assignments of error 2 to 6, inclusive, are closely related and properly argued together. By said questions proponent sought by the testimony of Mrs. Garrett and H. C. Ashmead, the two subscribing witnesses, to prove the execution of the two sheets of paper offered for probate as Miss Crute's will. The preliminary proof upon which to predicate the introduction of the two sheets of paper in evidence was offered. All of the surrounding circumstances and conditions under which the two papers or sheets were prepared and executed and witnessed were competent as shedding light upon the legal effect of the same as a testamentary instrument. Woodroof v. Hundley, 133 Ala. 395, 32 So. 570; Fowlkes v. Clay, 205 Ala. 523, 525;[1] Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Rutland v. Emanuel, 202 Ala. 269, 80 So. 107. Until this was done, the documents might not be offered in evidence and the

court placed in the position to pass upon the legal sufficiency of the execution of the same as a testamentary instrument. The matters sought to be inquired about were parts of the res gestæ of the execution of the document. Roberts v. Trawick, 13 Ala. 68; Henry v. Hall, 106 Ala. 84, 17 So. 187, 54 Am. St. Rep. 22; Chandler v. Chandler, 204 Ala. 164, 85 So. 558; Howell v. Howell, 210 Ala. 429, 98 So. 630.

[3] The validity of the instrument as a will is unaffected because of form (Self v. Self [Ala. Sup.] 103 So. 591[2]), or because composed of several separate sheets (Schouler on Wills, § 283), if the same is so connected and coherent in meaning, and by an adaption of the several parts, as to be a testamentary whole, if due execution is shown (Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Murphy v. St. Louis Coffin Co., 150 Ala. 143, 43 So. 212; Kyle v. Jordan, 187 Ala. 355, 65 So. 522; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am. St. Rep. 145).

In addition to the physical connection of the two papers offered as a last will, the internal meaning of the two papers is testamentary, coherent, and connected, as a final disposition of testatrix's properties and the specific articles named to the several objects of her bounty.

The decree of the probate court is reversed and the cause is remanded, for further proceedings therein.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.