35 So.2d 202

**JOHNSTON et al. v. KING et al.**

2 Div. 251.

Supreme Court of Alabama.

April 15, 1948.

Rehearing Denied May 13, 1948.

572

Pettus, Fuller, Reeves & Stewart, of Selma, and Meader, Jones & Murray, of Montgomery, for appellants.

M. Alston Keith and Keith & Keith, all of Selma, for appellee King.

FOSTER, Justice.

Appellees propounded for probate an instrument as the will of Alice M. DeVane King. A contest was filed by appellants. It was tried by the circuit court with a jury. There were verdict and judgment for plaintiffs (section 52, Title 61, Code), and defendants appeal.

The issue raised was whether certain undisputed occurrences established the facts. of signing and attestation of the will within the meaning of the Code (section 24, Title 61, Code), especially whether the witnesses. subscribed their names "thereto". Their subscription was in the presence of the testator as that statute requires. In substantially the language of appellants' brief, the evidence showed without conflict the following occurrences: Alice M. DeVane King died in Germany in June 1941, leaving surviving her, appellee, who is a fifth cousin, and appellants, who are among her next of kin, being second cousins. At the time of her death she was a citizen of Alabama and owned real estate in Dallas County, Alabama; but for more than forty years. prior to her death she had been abroad in Europe. Since March, 1939, she had been partially paralyzed as a result of an apoplectic stroke caused by a cerebral hemorrhage which said stroke had affected her right leg, arm and her tongue.

On July 17, 1940, a proceeding relating to the alleged will was had at her home in Heidelberg, Germany. At that time there were present Magdalene Bolch, Elfrieda. Salzegeber, Albert Weiss and Heinrich Conrath, the latter being a notary public type of German official. When Conrath (the notary) first entered the room no one was present but Miss King, who handed him an unsealed envelope, on the outside of which had been written "Testament—Last Will and Testament," and which contained two sets of typewritten sheets of paper, one in English and one in German. (The English and German versions are by stipulation of counsel identical.) This "will" was sign-

ed by Miss King only. It was not signed in the presence of the witnesses, and Conrath did not recall whether or not it had already been signed before his arrival. Conrath told Miss King he had to make "a minutes" of the proceeding and call "witnesses to witness the attestation." These witnesses were called and after they arrived Conrath asked Miss King if the "envelope with contents were her last will" and she said, "Yes." Conrath then took the contents from the envelope and read the "will" to himself (partly aloud), showed the signature to the witnesses, and asked Miss King if that was her will and if she had subscribed it, to which she said, "Yes."

Thereupon a separate instrument of attestation or "protocol" on an official printed form was filled in, in longhand, by Conrath and read aloud. The "protocol" was then signed by Miss King and the three witnesses and Conrath, all in each other's presence. The following is the English translation of the German, in which it was written:

"District of the County Court of Heidelberg
Magistrate of Heidelberg, Baden
Community:

Reverence
III HT 37 6-40

Public Document

Referring to a last will of
Miss Alice M. DeVane King, Heidelberg,
Klingenteich 22
Year 1940
To be destroyed in 19

LJKG  Sec.————RM
       Sec.————RM
       Sec.————RM
       Sec.————RM

Transcription fees ——————
Other expenses ——————

Total ————————

Debtor ————————
Invoice No. ————————
Date ————————
Down ————————

Executed at Heidelberg in the residence of Miss Alice M. DeVane King, Klingenteich 22, July 17, 1940 (Seventeenth day of July Nineteen Hundred Forty) before the Magistrate III, Heidelberg.

Present: Justizrat Heinrich Conrath of Heidelberg as Magistrate: Comes now Miss Alice M. DeVane King in Heidelberg, Klingenteich 22, born June 6, 1879, in Selma (King's Bend) in the State of Alabama, USA, personally known to the magistrate and apparently of sound mind. She desired to proclaim her last will. For this purpose, the following witnesses were called:

(1) Albert Weiss, M. S., physician in Heidelberg.
(2) Elfriede Salzgeber, servant here, Klingenteich 22.
(3) Magdalene Winter, wife of the railroad clerk, Alois Bolch, here, Klingenteich 22.

All are known to be of sound mind and not to be prohibited to participate in the execution of the will.

Which is stated by comparing

Section 7 through 10 of the Testament Law.

Thereupon, the testatrix, Miss Alice M. DeVane King proclaims to the Magistrate in the uninterrupted presence of all attesting witnesses the following to be her last will:

I hand you herewith a manuscript typewritten on two pages (two sheets) in German and English, each with my signature affixed, and I declare that this manuscript represents my last will. I profess the words and the contents of this manuscript to be my last will.

Thereupon the testatrix hands above mentioned manuscript, which is in an open envelope, to the Magistrate with the declaration that this manuscript contains her last will.

In witness of this procedure, which the witnesses swear to, these three persons affix their names to this document.

Above document was read to the testatrix and approved by her, and was then signed by her together with the witnesses and the Magistrate as follows:

/s/ Miss Alice M. DeVane King
/s/ Dr. J. Albert Weiss
/s/ Magdalene Winter Bolch
/s/ Elfreide Salzgeber

(Signature of Magistrate)."

This "Protocol" recites that it is a "public document referring to a last will" of Miss King; that Miss King handed to Conrath an open envelope and declared in the presence of the witnesses that the envelope contained her will and that "in witness of this procedure" the witnesses, Conrath and Miss King, signed the protocol.

Conrath folded the "protocol" in the middle and placed the envelope containing the "will" in the folded "protocol," placed them both in another envelope (called a "testament envelope"), and put a detachable paper stamp on the flap of the envelope, put the envelope in his brief case, and returned to his office. At Conrath's office a secretary took the "testament envelope," opened it and removed the contents. The secretary then made certain notations on the envelope and on the "protocol" and recorded the "protocol," but not the "will." A cord or tape was then run through the envelope containing the "will" and the other end of the cord was attached by a seal to the "protocol." Both documents were then placed back in the official testament envelope and sealed. This handling of the papers in Conrath's office consumed several hours and the envelope remained in Conrath's possession for some two months, at which time it was delivered by an employee to the official custodian of wills.

The entire procedure followed throughout was that required under the German law for "rendering" a "public" will, as set out in the testimony of the German lawyers, Zutt and Curtius, who by stipulation are qualified as expert witnesses.

The only question, we repeat, is whether those undisputed facts are sufficient as a matter of law to show legal execution. We think it is a legal question and not a jury question. In the case of Riley v. Riley, 36 Ala. 496, this Court said it was for the court to determine what facts were necessary to establish the signing and attestation of the will within the meaning of the Code, and that this legal question should not be referred to the jury. See Dawkins v. Dawkins, 179 Ala. 666, 60 So. 289; Elston v. Price, 210 Ala. 579, 98 So. 573, also holding that the question was one of law where there was no dispute in the evidence. We think therefore that the court should have decided the question of whether the will was fully executed.

But since the jury found for plaintiffs propounding the will, it was without injury to defendants to submit the question

576

to them, if the court should decide that the undisputed facts showed a due execution. And if we so decide, it would render innocuous any ruling adverse to appellants in respect to charges given the jury at the instance of appellee, plaintiff below.

The question hinges upon whether this evidence shows without dispute that at least two of the witnesses to the execution of the instrument not only attested its execution, but also subscribed their names "thereto" in the presence of the testator. There is no controversy but that all three of them attested its execution, and subscribed their names as witnesses on a separate, disconnected sheet of paper under an attestation clause, in the presence of testator. The question is whether that was their subscription "thereto".

■ In the case of Stanard v. Miller, 212 Ala. 605, 103 So. 594, the rule is said to be, "The validity of the instrument as a will is unaffected * * * because composed of several separate sheets, if the same is (are) so connected and coherent in meaning, and by an adaptation of the several parts, as to be a testamentary whole, if (its) due execution is shown." Barnewall v. Murrell, 108 Ala. 366, 18 So. 831. It was said in Woodruff v. Hundley, 127 Ala. 640, 650, 29 So. 98, 85 Am.St.Rep. 145, that the requirement of the statute as to the execution of wills (section 24, Title 61, Code) that the witnesses shall subscribe their names thereto in the presence of the testator is substantially the same, so far as here material, as was the language of the English statute of frauds from which it was borrowed, and is identical in language with the statutes of other states.

In the case of Kyle v. Jordan, 187 Ala. 355, 65 So. 522, it was also pointed out that as respects the question now under consideration, the rule as to the statute of frauds is much the same as far as applicable. And on the second appeal in that case (196 Ala. 509, 71 So. 417, 418), it was said that when there is an unattached sheet, the question of admitting parol evidence to connect it as a part of the transaction, depends upon whether that sheet was physically before the maker when he executed the instrument, and was upon its face continuous, coherent and consistent with that part of the instrument which it purports to supplement, that is, there must be internal evidence of the identity and unity of the two writings as constituting a single transaction. And further in that opinion it is said:

"We still adhere to the former holding of this court that the rule is not absolute that the several papers shall, on their face indicate a reference, to each other, and that parol evidence may be admissible, in some cases, of contemporaneous facts, to show connection between the several writings; but to allow such proof, there must be some internal evidence of the identity and unity of the several writings as constituting a single transaction. * * *

"While the rule has probably been relaxed, in this state, to the extent that there need not be an express reference in the deed, will, or other writing to the separate extrinsic document, yet we hold that there must be internal evidence of the identity and unity of the two writing as constituting a single transaction. To allow parol proof to unify such writings, when there is no direct reference in one to the other, and no internal evidence of the identity and unity of the two writings, would tend to do away, in a degree, with the statute of frauds, and to make the effect of all documents required to be in writing indefinite and uncertain."

■■ Responding to that principle, we note that the protocol is a certificate signed not only by the witnesses but by testator. It is a certificate of acknowledgment which may sometimes serve as an attestation, though incomplete. Elston v. Price, supra. It expressly refers to a manuscript typewritten on two pages (or sheets) one in German and one in English, in the same terms, each signed by the testator. It is as if the witnesses had executed a certificate of acknowledgment on a detached sheet, and then that it was folded up with the will itself. That was held a good attestation of a will in Bolton v. Bolton, 107 Miss. 84, 64 So. 967. An effort is made to distinguish that case because the statute of Mississippi merely requires the witnesses to attest the will. That case did not attach any importance to the language of the statute. We

do not think appellants can take comfort from the language of the Mississippi statute. Our decisions do not require, as do some authorities cited by appellants, that the sheets ·hall be physically attached or connected with each other. But if they are not, the requirements are as we have stated them. The question is whether those requirements have been met. Since the protocol as a certificate in terms refers to the will, parol evidence of contemporaneous facts may more completely connect them if necessary to do so in addition to its terms. They are not only connected by express reference, but also by "internal sense, by coherence, (and) or adaptation of parts." The attestation clause is, in our judgment, a part and parcel of the will itself sufficient to satisfy the requirements of section 26, Title 61, supra.

The case of Vogel v. Lehritter, 139 N.Y. 223, 34 N.E. 914, has some similarity to the one now under consideration, but different in important respects. It also was executed in Germany and in compliance with German law. In that case, when the will was signed, it was folded and placed in an envelope and the envelope was then and there sealed by testator. On said envelope the notary and two witnesses signed a statement written by the notary that it is the testament of the testator by name, and that it contains her last will according to her oral declaration. In commenting on such evidence, the court stated that there must be a request made to the witnesses to be such, as well as a publication or acknowledgment; and that if those papers do not show a publication or request, the evidence is insufficient. And that the court does not find any evidence of a request on her part to any witness to become such, and that what was written on the envelope was for identification alone. For those reasons the will was held not attested, as required by the New York law.

Under our law, if a will is attested in the presence of testator with her knowledge and consent expressed or implied, ·the requirement as to her request is complied with. Fulks v. Green, 246 Ala. 392, 20 So. 2d 787; Ritchey v. Jones, 210 Ala. 204, 97 So. 736; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am.St.Rep. 145.

The protocol was an attestation under our cases, in the form of a certificate of acknowledgment (not in our statutory form), and served every purpose of an attestation, since it had internal connection with the will, and the parol evidence furnished all important detail of the occurrences.

We think the affirmative charge was due appellees on that question. Therefore, we will not treat the charges given at their instance; and those refused to appellants could not result in injury to them. It follows that the judgment should be affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.