The Court

observed that the legislature, in requiring three subscribing witnesses to a will, did not contemplate the mere formality of signing their names. An idiot might do this. These witnesses are placed round the testator to ascertain and judge of his capacity, and the heir has a right to insist on the testimony of all the three witnesses, to be given to the jury (3). They must therefore all be produced, if living, and under the power of the Court. If it be impossible to procure any one of them, the Court will proceed without him ex necessitate rel. But no such impossibility appears in this case. For any thing that appears, the absent witness might, with due diligence, have been found and summoned. The not producing of him may lead to a presumption that his testimony, if produced, would be unfavorable to the probate of the will. At any rate, the rule is too important and too explicit to be dispensed with on light grounds. And they refused to examine the two witnesses produced.
*207 The appellants afterwards waived their right to the production of the third witness; and the decree of the Court below was after-wards affirmed.
Memorandum. Nathaniel Paine, Eleazer James, and Seth Hastings, Esqs., were, at this terra, appointed examiners of counsellors and attorneys, within the county cf Woretster

 Powell on Devises, 69, 70.—[Vide Powell, by White, 1 vol. p. 637, where it is said, this is only the practice in the courts of equity, and that proof by one witness is good at law, See, too, 2 Starkie's Ev. 922, 2d Land. ed.—-Ed.]