1830.

Scribner
v.
Crane.

---

## Scribner vs. Crane and others.

No person should subscribe his name as a witness to a will until he is clearly satisfied that the testator is possessed of a sound and disposing mind and memory ; and that in executing his will he acts understandingly, and with a full knowledge of its contents.

This was an appeal from the sentence of the surrogate of the county of Westchester. The appellant propounded a testamentary paper as the last will and testament of Martha Williams deceased, in which he was named as executor. The whole case turned upon the question of fact whether the decedent executed the will understandingly, and at a time when she was possessed of a sound and disposing mind and memory. Many witnesses were examined, and the surrogate pronounced against the validity of the will. From that decision the executor appealed to the chancellor. (See 1 Paige's Rep. 550, S. C.)

April 6th.

1830.

Scribner
v.
Crane.

*A. Ward,* for the appellant, cited 1 Swinburne, 127, (*note :*) *Clark* v. *Fisher,* ( 1 Paige's R. 171 ; ) Starkie on Ev. 1707, note 1 ;) Swinburne pt. 2, sec. 5 ; *Vanalst* v. *Hunter,* ( 5 John. Ch. R. 158 ; ) 5 id. 161 ; 1 Swinb. 122, 126, 127, note, 133, 187, 8 ; 5 John. Ch. R. 154; Starkie on Ev. 1705.

*J. Smith,* for respondents, cited *Vanalst* v. *Hunter,* ( 5 John. Ch. R. 158 ; ) *Clark* v. *Fisher,* ( 1 Paige's R. 176 ; ) Collinson on Lunacy, 58, 611, note, 616, 618 ; Swinb. 889 ; 1 id. 118, notes; Swinb. 26. note ; Pothier on Obligations, 125 and 220.

THE CHANCELLOR. I think the weight of evidence in this case is decidedly against the capacity of the testatrix to make a will at the time her mark was made to the instrment propounded by the appellant. Independent of that testimony there is no sufficient evidence of the due execution of the instrument. The paper propounded appears to have been drawn by the executor, who was attending physician of the decedent, and at the house of the principal legatee named in the will. The apellant is one of the subscribing witnesses, and Haff and Losee are the others. The two latter alone were examined. All they knew in respect it is that they were called in by the appellant, and found the old lady, then nearly 90 years of age, lying on the bed helpless. A paper was produced, said to be her will. Scribner put a pen into her hand and guided the hand to make her mark to the paper, and then subscribed his own name as a witness ; after which Haff and Losee subscribed theirs. One of the witnesses says that the decedent acknowledged the will ; the othnesses says that the decedent acknowledged the will ; the other says she merely nodded assent as she lay in her bed. The will was not read to her in the presence of either of these witnesses, and nothing was said as to the contents thereof. One witness says no conversation was had with her to ascertain the state of her mind ; that she was in the lowest state of life and human existence, and that she did not articulate any expression which he distinctly understood. The other witness says he has no doubt of the soundness of her mind, because he asked her how she did, and she said she was very weak and distressed.

It is pretty evident that neither of these two witnesses had sufficient evidence of the mental capacity of the decedent, or that she knew what she was doing, to justify them in putting their names to this paper as witnesses. They both swear they relied partially, if not entirely, on the declarations of Scribner as to her capacity. They probably had no intention of doing any thing wrong, but it was in fact a fraud upon those whose rights are affected thereby to place their names to a testamentary paper under such circumstances. No person is justified in putting his name as a subscribing witness to a will unless he knows from the testator himself that he understands what he is doing. The witness should also be satisfied, from his own knowledge of the state of the testator's mental capacity, that he is of sound and disposing mind and memory. By placing his name to the instrument, the witness, in effect, certifies to his knowledge of the mental capacity of the testator; and that the will was executed by him freely and understandingly, with a full knowledge of its contents. Such is the legal effect of the signature of the witness when he is dead, or is out of the jurisdiction of the court. Neither of these witnesses had sufficient knowledge on the subject to give legal evidence of the due execution of his will. The surrogate was therefore perfectly right in pronouncing for an intestacy; and his sentence and decree must be affirmed with costs.

The respondents may have execution for their costs on the appeal out of this court. But a certificate of the decree of affirmance must be sent to the surrogate, so that he can proceed and grant administration of the decedent's property and effects to such person as may be entitled to the same.