## BOWLING v. BOWLING, EX'R.

1. A will of lands may be admitted to probate on the proof of two of the subscribing witnesses, upon the additional proof that the other witness resides out of the State, and that he also subscribed his name as a witness by the direction of the testator, and in his presence, notwithstanding the will is contested by the heir at law.

2. An opinion of a witness, that a testator was insane at the time of making his will, is not competent testimony, he admitting at the same time, that he knew no fact or circumstance on which his opinion was founded.

Writ of Error to the Orphans' Court of Lawrence.

APPLICATION by the defendant in error, for probate of the will of Alexander Bowling. The will being contested upon the allegation that the testator was not of disposing mind and memory, an issue was made up to try the fact, and submitted to a jury.

The defendant in error introduced two persons who were witnesses to the will, each of whom deposed to the due and proper execution of the will, and that the testator was of sound and disposing mind and memory. They also proved, that one Robert Martin also witnessed the will in their presence, subscribing his name thereto, in their presence, and at the testator's request. It further appeared, that said Martin had left the State, and was now living in Arkansas, and no effort had been made to obtain his testimony, further than by calling him at the court house door. Whereupon the contestant objected to the sufficiency, in law, of the proof to establish the will, and requested the Court so to charge the jury, which the Court refused, and he excepted.

The contestant also introduced a witness, who testified his

opinion and belief to be, that the said decedent was not of sound mind and disposing memory, about the time the instrument purporting to be his will was made, without stating the facts and circumstances on which his opinion and belief was founded, and ·admitted that he knew no facts on which to sustain this opinion. Which testimony, on plaintiff's request, the Court excluded from the jury, and the contestant excepted. And the jury having found the issues for the plaintiff, the Court gave judgment, establishing the will and admitting it to probate. From which this writ is prosecuted. These matters are now assigned as error.

McClung, for plaintiff in error.

L. P. Walker, contra, cited 7 S. & R. 92 ; 3 Starkie on Ev. 1707, note 2 ; 4 Mass. 593 ; 3 Id. 330 ; 2 Starkie on Ev. 1681, note 1 ; 1 McCord, 272 ; 5 Ala. Rep. 274 ; 3 Phillips' Ev. 1262.

ORMOND, J.—This being a will of lands, the statute of this State requires, that it should " be signed by the testator or testatrix, or by some person in his or her presence, and by his or her direction, and attested by three or more respectable [*reputable*] witnesses, subscribing their names thereto, in the presence of such devisor, saving however to the widow of the testator," &c.

In England, the statute of 29 Charles 2, is substantially the same as ours, and there it has always been held, that one witness who could swear to the execution of the will by the testator, and that he subscribed the will, and also prove its attestation by the other subscribing witnesses, is sufficient proof of the due execution of the will, in a Court of common law. [Longford v. Eyre, 1 P. Will. 741 ; see the authorities collected in 3 C. & H. of Phill. on Ev. 1349.] The same rule obtains in Chancery, where the direct object of the bill, is not to establish the will, but it is offered as an instrument of evidence. [Concannon v. Cruise, 2 Molloy, 332.] When however the bill is filed for probate of the will, or when an issue is directed out of Chancery, to ascertain whether the will was duly executed, all the witnesses, if alive and within the jurisdiction of the Court, must be produced, or their absence accounted for. If the witness is dead, out of the kingdom, insane, or has become incompetent to testify, his hand-writing may be proved. [See Powell v. Cleaver, 2 Bro. C. C. 504; Carrington v. Payne, 5 Vesey, 411 ; Burnett v. Taylor, 9 Id. 381.]

In the United States, there have been a great number of decisions to the same effect. In Nalle v. Fenwick, 4 Rand. 585, where a will had been admitted to probate on the proof of one witness, and proof that two others had subscribed it at the request of the testator, and in his presence, but that they resided beyond the limits of the State, the Court held it sufficient, as they were equally beyond the power of the Court, as if they had been dead. To the same effect is Chase v. Lincoln, 3 Mass. 236; Sears v. Dillingham, 12 Id. 358; and see on this head, the cases collected by the annotators on Phillips, 3 vol. 1354.

The will in this case was offered in the Orphans' Court for probate, and although it might be sufficient in a case where the will was not contested, to admit it to probate on the proof of one witness, who subscribed the will, he testifying also to the subscription by the other witnesses, in the presence of, and at the request of the testator, we are clear that in a case like the present, when the heir contests the will, he has the right to demand that all the witnesses be called. They are required by the statute for his protection, and they are best qualified to speak, not only of the fact of the execution of the will, but also of the capacity of the testator to make a will. Yet this right must yield to the necessity of the case. If a subscribing witness be dead, or insane, or from infamy or any other cause, arising afterwards, be incompetent to testify, secondary evidence must be admitted, or great injustice would be done. The reason is the same when the witness is beyond the jurisdiction of the Court, by his own act. His deposition, it is true, might be taken, but without the will, which certainly ought not to be sent out of the State, his evidence would not be more satisfactory than the secondary testimony here offered of the other subscribing witnesses, that he signed the will as a witness, at the request, and in the presence of the testator. Such we understand to be the established practice, both in the United States and in England. In addition to the cases already cited, see those collected by Cow. & Hill, 3 vol. 1351, note 931.

In this Court, in Apperson v. Cottrell, 3 Porter, 66, a will of land had been admitted to probate, on the proof of two witnesses only, but as it did not appear but that the absence of the third witness had been accounted for, or any question made in the Court below, as to the necessity of producing him, the Court held the probate by the two sufficient. This is in effect a direct

decision upon this point, for the objection taken was well founded, if the absence of a witness beyond the jurisdiction, would not excuse his production, either in person or by deposition.

The act of 1806, (Clay's Dig. 598, § 11,) authorizing a commission to issue to take testimony where the subscribing witnesses to a will reside out of the State, does not affect the view here taken. The evident design of the act was, to provide for those cases where all the witnesses to a will resided out of the State, and was probably intended to authorize the transmission of the will beyond the State.

The known and admitted exception to the general rule, that witnesses must relate facts, and cannot detail opinions, is confined to questions of science, trade, &c. The difficult question of insanity appears, at least to some extent, and in some cases, to fall within the same exception, from the difficulty in many cases of detailing to a jury, the facts which induced in the mind of the witness the belief of insanity, and to form a correct conclusion upon which, would require a previous knowledge of the habits, demeanor, and mode of thinking, and acting, of the individual supposed to be insane.

Upon this subject, as might perhaps have been expected, a great difference of opinion is found to exist between different Courts. Some Judges holding, that the witness can only relate facts, whilst others hold, that the opinion of witnesses in connection with the facts, may be given in evidence. Upon the first branch, see Corlis v. Little, 1 Green, 232; Crowell v. Kirk, 3 Dev. 356; and upon the second, Grant v. Thompson, 4 Conn. 203; Pool v. Richardson, 3 Mass. 330; Wogan v. Small, 11 S. & R. 141, and Rambler v. Tryon, 7 Id. 90.

In the State v. Brinyea, 5 Ala. Rep. 243, the question came before this Court, and the general rule is thus stated : " When it is necessary to prove to a jury, that one is insane, this is done by showing a series of actions, or declarations, which evince an alienation of mind ; the conclusion of insanity is to be drawn by the jury, and must be deduced from the actions, or declarations of which evidence is given." It is subsequently admitted, that there may be exceptions to the general rule, " arising out of some peculiar relation, or connection of the witness, with the person whose sanity is questioned." It appears also to be conceded, that when evidence has been given of the conduct, manner, and

general appearance of the person, medical men have been allowed to express their judgment as to the question of sanity. [1 Phil. Ev. 290.]

In this case the witness was not permitted to express his opinion to the jury, he admitting at the same time that he knew no facts, or circumstances, on which the opinion was based. As it would seem impossible to form an opinion upon any subject, without something, either real or imaginary, on which it was predicated, it is probable that the witness meant, that his opinion was formed from the general conduct, and demeanor of the testator, which impressed his mind with the opinion he entertained, but which he was unable to explain to others. But even considered with this qualification, we think the evidence was properly excluded. If it could be brought within the exception, hinted at in the case of the State v. Brinyea, previously referred to, still we apprehend, a mere opinion, for which no reason could be assigned, would not be evidence, as it would be mere conjecture. This would be to abandon to the witness the peculiar province of the jury, if such opinion exerted any influence over it.

The only case we have found, in which an opinion alone, without the facts on which it was based, was permitted to go to the jury, is the case of Wogan v. Small, 11 S. & R. 141, where the question, " did you think the testator fit, or unfit, to make a will ?" was permitted to be put; but in that case we apprehend, that if the witness had admitted, he had no reason to give for the opinion he entertained, and that it was based upon no facts which he was able to disclose, his opinion would have been entitled to no weight whatever.

It is not shown that this witness stood in any peculiar relation to the testator, so as to give him opportunities of judging, superior to others, and thus to be able to detect the aberrations of the intellect, which others not so well acquainted with him, would not have observed—he is offered as an ordinary witness, and as such, under any possible construction of the bill of exceptions, he was properly excluded.

Let the judgment be affirmed.