Mr. Justice ThacheR
delivered the opinion of the court.
The sole question presented by the appellant’s counsel in this case is resolved into the inquiry whether a will can be admitted to probate upon the testimony of but one of the attesting witnesses to such will.
We are inclined to hold that no will can be proved, unless all the subscribing witnesses, alive and within the control of the process of the court, are produced to testify. In Chase et al. v. Lincoln, 3 Mass. 236, the court observed that “ the legislature, in requiring three subscribing witnesses to a will, did not *404 contemplate the mere formality of signing their names. An idiot might do this. These witnesses are placed around the testator to ascertain and judge of his capacity, and the heir has a right to insist on the testimony of all the.three witnesses to be given to the jury.” In Sears v. Dillingham, 12 Mass. 358, it was contended that no will can be proved unless all the witnesses are produced to testify. The court said: “ This, as a general rule, is undoubtedly well settled both here and in England.”
The decree must he reversed, and the cause remanded for such further proceedings as may be desired.