FRANK H. HAMMILL vs. ALVIN G. WEEKS & another.

Bristol.   October 24, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Will*, Execution, Attestation.

Where, at the trial, on an appeal from a decree of the Probate Court allowing a
will, of an issue, whether the will was executed according to the requirements
of R. L. c. 135, § 1, one of the witnesses testifies to facts which would warrant
findings that the statutory requirements were fulfilled, the issue should be sub-
mitted to the jury, irrespective of whether the testimony of one of the other
witnesses to the will would warrant such findings and although the third wit-
ness is not present at the trial.

In order that such an issue should be answered in the affirmative, it is not neces-
sary that each attesting witness should testify categorically and affirmatively
to every fact required for the due execution of the will.

APPEAL from a decree of the Probate Court allowing the will
of John W. Eddy, late of Swansea.

Issues were sent to the Superior Court for trial and were tried
before *Dubuque,* J. The material evidence is described in the
opinion. Answers were returned sustaining the will; and the
appellants alleged exceptions.

*A. G. Weeks,* for the appellants.

*F. S. Hall, (C. C. Hagerty* with him,) for the appellee.

RUGG, C. J. These exceptions relate to a trial before a jury
of the issue whether the instrument offered for probate as the will
of John W. Eddy was executed according to the requirements of
R. L. c. 135, § 1. Two of the three attesting witnesses testified.
The evidence of one was to the effect that John W. Eddy asked
him to come to the store of a Mr. Luther who "wrote deeds and
and wills, sort of a country squire," to witness his will; that in
compliance with this request he went to the Luther store where
there was a desk and a paper; that he saw the "deceased, John
W. Eddy, sign his name there first, and that the three witnesses
afterwards wrote their names in the presence of the deceased
testator in the same room;" that he "knew he was witnessing the
will of the deceased, but did not know the contents;" that the
deceased made some remark about its being his will. He identified

the signatures of the deceased and of each of the three witnesses. The other attesting witness testified that he was asked by the deceased to witness his will; he "did not remember anything about it except that the deceased said it was his will, . . . that he did not see deceased sign his name, that he did not look over any paper; that when the will was witnessed the deceased and Joseph G. Luther and Walter F. Anthony and the witness were all present." He also identified his own and the other signatures to the will.

The appellants asked for an instruction to the jury to answer "No" to the question whether the testator duly executed the instrument offered for probate as his will. Manifestly this instruction ought not to have been given and was refused rightly. The testimony of the first witness was explicit and full upon every fact essential to the due execution of a will. The testimony of this witness required the submission of the question to the jury, regardless of the testimony of other witnesses. If the jury believed him, they would have been bound to answer the question in the affirmative. But the testimony of the other witness in many respects corroborated that of the first witness. The case is well within numerous authorities. *Meads* v. *Earle,* 205 Mass. 553. *Nickerson* v. *Buck,* 12 Cush. 332. *Tilden* v. *Tilden,* 13 Gray, 110.

It is not necessary to determine whether, upon the testimony of the second witness alone, the will might have been found to have been duly executed. See *Hogan* v. *Grosvenor,* 10 Met. 56; *Ela* v. *Edwards,* 16 Gray, 91; and *Pratt* v. *Dalby,* 223 Mass. 559.

The contention of the appellants in substance is that each attesting witness must testify categorically and affirmatively to every fact required for the due execution of a will. Clearly such a contention is not sound. The distinction between the case at bar and *Nunn* v. *Ehlert,* 218 Mass. 471, is too plain to require statement.

*Exceptions overruled.*