Rose Genovese & another *vs.* James Genovese & others.

Berkshire. September 25, 1958. — November 7, 1958.

Present: Wilkins, C.J., Spalding, Williams, Counihan, & Cutter, JJ.

*Will,* Execution.

It is not necessary to proper execution of a will that an attesting witness subscribing his name thereto form an opinion at that time as to the testator's soundness of mind.

Petition, filed in the Probate Court for the county of Berkshire on September 14, 1956, for proof of a will.

The case was heard by *Hanlon,* J.

*Lincoln S. Cain,* for the contestants.

*L. George Reder,* (*Santino C. Cornelio* with him,) for the petitioner.

WILKINS, C.J.   This is an appeal from a decree allowing the will of Charles Genovese, late of Pittsfield. The petitioner, named as executrix, is his second wife. The appellants are children by his late first wife who contested the will and joined in a motion for jury issues. After an issue of soundness of mind was framed for trial in the Superior Court, the verdict decided that issue in the affirmative.

Thereafter the matter of the allowance of the will was heard in the Probate Court. Counsel then stipulated that "the issue of undue influence is not to be tried, the only issue being proper execution of said will."

The testimony in the Probate Court was entirely by the three attesting witnesses. The judge filed a report of the material facts found by him. The testator signed the instrument purporting to be his will at the law office of his attorney, who acted as one of the witnesses. The other witnesses were a dentist and an architect, who were tenants in the same building. The attorney, in the presence of the testator and the other witnesses, asked if the instrument was his will; and the testator said that it was, that he had read and understood it, and wanted them to act as witnesses to his signature. The testator then signed each page in the presence of the three witnesses, and they, in his presence and in the presence of each other, signed as witnesses. In addition to signing in the usual place at the end, the witnesses initialed each page beside the testator's signature. The witnesses were all of sufficient understanding and competent to witness a will.

When the architect and dentist were on the stand, counsel for the appellants asked each witness whether on the occasion of signing the will he had formed an opinion that the testator was of sound mind. Upon objection, the question was excluded, and the appellants made an offer of proof that the witness's answer would be "No."

On cross-examination an offer of proof is, as a rule, not required, but enough must appear to show error. *Donahue* v. *Kenney*, 330 Mass. 9, 13. *Perry* v. *Carter*, 332 Mass. 508, 513. The alleged error here is that there was insufficient

evidence of attestation because of noncompliance with G. L. (Ter. Ed.) c. 191, § 1,[1] in that two witnesses failed in their duty to evaluate the testator's soundness of mind. The consequence urged upon us is that the will, which is regular on its face, has become lost in a hidden pitfall inadvertently dug by the attesting witnesses.

The issue before the judge was not whether the testator was of sound mind at the time of the execution of the instrument. That question had been settled by the jury. *Crocker* v. *Crocker*, 188 Mass. 16, 18–19. *Dunster* v. *Goward*, 221 Mass. 339, 340–341. That that question was so settled is implicit in the stipulation of counsel. The issue before the judge was whether the instrument propounded for probate was executed according to law. "That issue involves not only the points of signature by the testator and of proper attestation by the witnesses, but also of knowledge by the testator of the contents of the instrument." *Fuller* v. *Sylvia*, 240 Mass. 49, 54.

To accept the argument of the appellants would lead to the result that whenever there are not three witnesses who can each testify that he formed an opinion as to the mental capacity of the testator, the proffered will must be rejected as lacking in proper execution. This result would be at variance with a common sense view of the practical affairs of life, and we cannot reach it. Such a result would also be at variance with the statement of this court in *Hammill* v. *Weeks*, 225 Mass. 245, 246, where Chief Justice Rugg said: "The contention of the appellants in substance is that each attesting witness must testify categorically and affirmatively to every fact required for the due execution of a will. Clearly such a contention is not sound."

The witnesses need not know that the paper is a will. *Barber* v. *Henderson*, 304 Mass. 3, 5–6, and cases cited. This well settled principle surely does not aid the appellants. Here, however, the witnesses did know. We agree that each

---

[1] "Every person of full age and sound mind may by his last will in writing, signed by him or by a person in his presence and by his express direction, and attested and subscribed in his presence by three or more competent witnesses, dispose of his property, real and personal . . . ."

of them should have been able to testify that he observed the testator's mental capacity before subscribing his name as witness. *Chase* v. *Lincoln*, 3 Mass. 236. *Hawes* v. *Humphrey*, 9 Pick. 350, 357. *Nunn* v. *Ehlert*, 218 Mass. 471, 474. "This subscription is the evidence of their previous attestation, and to preserve the proof of that attestation in case of their death or absence when after the testator's death the will shall be presented for probate." *Chase* v. *Kittredge*, 11 Allen, 49, 63. See *Finer* v. *Steuer*, 255 Mass. 611, 616, and cases cited. But it would be naive to overlook the fact that witnesses who are not lawyers may sometimes fail to recognize this part of their duty. Likewise it is no secret that witnesses to wills seldom are professionally qualified to express an opinion as to the testator's competence, and that their opinions are not the only source of evidence or usually even the most reliable evidence to prove the point. See *Crowninshield* v. *Crowninshield*, 2 Gray, 524, 530.

All of this leads to the conclusion that a penalty for an omission to perform a duty on the part of a witness should not be visited posthumously upon the testator by nullifying his testamentary act where otherwise valid. As was well said by the Supreme Judicial Court of Maine in *Will of Paradis*, 147 Maine, 347, 356: "Our statute gives persons of sound mind the right to dispose of property by will upon complying with stated formal requirements. It may be to the advantage of those seeking to exercise the privilege that they select witnesses who will be able to vouch for their capacity, but capacity is a question of fact to be resolved on the evidence presented. It is not an issue to be decided on such a technical ground as that some particular person or persons, even those selected as witnesses to attest execution, formed no opinion on it."

The appellants concede that no holding in this Commonwealth is the result they contend for. If there be anything to the contrary in *Brooks* v. *Barrett*, 7 Pick. 94, 98, we do not follow it. They refer to a statement made in 1830 in the New York Court of Chancery, in *Scribner* v. *Crane*, 2 Paige, 147, 149, which we decline to be the first to adopt. They

also refer to an Illinois statute, Ill. Rev. St. 1941, c. 3, § 221,
which, quite unlike ours, expressly requires the attesting
witnesses to testify to a belief in the testator's soundness of
mind as a condition precedent to admitting the will to pro-
bate. See, for example, *Hill* v. *Kehr*, 228 Ill. 204, 207.

Many States have expressly rejected the position con-
tended for by the appellants. *Canada's Appeal*, 47 Conn.
450, 461. *Huff* v. *Huff*, 41 Ga. 696, 703–705. *Will of
Paradis, supra*, 147 Maine, 347, 355, 356. *Strahl* v. *Turner*,
310 S. W. 2d 833, 837 (Mo.). *Mordecai* v. *Canty*, 86 S. C.
470, 481. *Mitchell's Estate*, 41 Wash. 2d 326, 341–345. *Will
of Zych*, 251 Wis. 108, 114. See 57 Am. Jur., Wills, §§ 143,
145; 35 A. L. R. 79–86; 79 A. L. R. 394, 404; 36 Case and
Comment, No. 4, Winter, 1930, pp. 7, 23.

*Decree affirmed.*