LEO GORDON *vs.* EDNA G. LEVY & others.   June 14, 1972.   In this appeal from a decree allowing the last will of Goldie Starr, the contestants assert that the proponent of the will failed to prove due execution thereof, that the will was procured through undue influence and fraud on the part of the chief beneficiaries and the attorney who drew the will, and that the decedent was mentally incompetent.   The three witnesses to the will were members of the bar of the Commonwealth, and two of them testified that all three were present when the will was duly executed and witnessed.   The third witness to the will, who was trial counsel for the proponent, was present throughout four days of trial but was not called as a witness by either party. The proof of due execution was sufficient.   *Hammill* v. *Weeks*, 225 Mass. 245.   See *Genovese* v. *Genovese*, 338 Mass. 50, 52.   Compare *Brackett* v. *Fuller*, 279 Mass. 62, 71.   If, as the contestants assert, "the heir has a right to insist on the testimony of all the three witnesses" (see *Chase* v. *Lincoln*, 3 Mass. 236, 237), they did not invoke that right.   Compare *O'Connell* v. *Dow*, 182 Mass. 541, 545–546; *Nunn* v. *Ehlert*, 218 Mass. 471, 474; *Finer* v. *Steuer*, 255 Mass. 611, 615–616; *Goodwin* v. *Riordan*, 333 Mass. 317, 318; *Costello* v. *Conlon*, 344 Mass. 754. The judge found that the decedent was of sound mind at the time of making the will, and we cannot say that finding is plainly wrong.   He was not required to believe the testimony of the contestants' psychiatrist, who testified that his fee depended on the outcome of the case.   There was no evidence of fraud, and very little to support a finding of undue influence.   Costs and expenses of this appeal are to be awarded in the discretion of the Probate Court.

*Decree affirmed.*

*Robert G. Wilson, III,* for the contestants.
*Max L. Rubin (William J. Brown* with him) for the proponent.