Ottis Culver, Executor of the Will of Samuel D. King, deceased, appeals from a judgment of the circuit court holding that the proponent Culver had not proved a prima facie case that King had duly executed his will. We reverse.
Samuel D. King died of a protracted illness on March 14, 1976, at the age of seventy. King was survived by his eight children, who are contesting his will.
The purported will, dated March 1, 1976, leaves the bulk of King's estate to Ottis Culver and his wife. The will was offered for probate and upon a contest filed by the appellees, the cause was removed to the circuit court.
There were three attesting witnesses. They were Mike Cleckler and Ray Robbins, members of the law firm of Gaines, Hereford, Cleckler, Robbins and Blair in Talladega, Alabama, and Betty Thomas, a legal secretary for the firm. At trial, the proponent offered the testimony of Betty Thomas and Mike Cleckler to the effect that the will was properly executed. Ray Robbins was at a local hospital with his wife and did not testify.
At the close of the proponent's case, the contestants rested and moved for a directed verdict. The court granted the motion on the ground that the proponent had failed to prove a prima facie case because one of the attesting witnesses was not called to testify. The court also denied the proponent's motion to reopen the case to allow this witness to testify.
The statute requires that a will must be attested to by at least two witnesses. § 43-1-30, Code of Alabama 1975. The purpose of this requirement is to remove uncertainty as to the execution of wills and safeguard testators against frauds and impositions.Elston v. Price, 210 Ala. 579, 98 So. 573 (1923); Riley v. Riley,36 Ala. 496 (1860).
It is not denied by either party that if there are only two attesting witnesses and the will is contested, then both must testify or the proponent must account for their absence in order to meet his burden of proof that the will was duly executed. E.g., Ferrell v. Minnifield, 275 Ala. 388, 155 So.2d 345 (1963).
The requirement that a will must be proved by the testimony of the attesting witnesses, if possible, is codified in § 43-1-44, Code of Alabama 1975. Speaking of this requirement in Whitt v.Forbes, 258 Ala. 580, 584, 64 So.2d 77, 80 (1953), the court stated that the section:
 ". . . recognizes a rule of ancient origin which is seemingly grounded in the law of evidence, which makes the testimony of the subscribing witnesses the best evidence of its due execution and attestation, and where their evidence is available requires that they be called to prove the execution of wills offered for probate. Reynolds v. Massey, 219 Ala. 265, 122 So. 29." *Page 223 
Although the parties cite numerous cases in support of their respective position, suffice it to say that this precise issue has never been directly addressed by this court. The strongest support for contestants' position is the following language from the case of Bowling v. Bowling, 8 Ala. 538, 540 (1845):
 ". . . although it might be sufficient in a case where the will was not contested, to admit it to probate on the proof of one witness, who subscribed the will, he testifying also to the subscription by the other witnesses, in the presence of, and at the request of the testator, we are clear that in a case like the present, when the heir contests the will, he has the right to demand that all the witnesses be called. They are required by the statute for his protection, and they are best qualified to speak, not only of the fact of the execution of the will, but also of the capacity of the testator to make a will." (Emphasis added.)
In Bowling, a will was offered for probate upon the testimony of two of the three attesting witnesses, the third witness was out of the state and thus, unavailable. The court held that the will was duly executed by the testator. However, as stated in the decision in Bowling, the statute required that wills of land be attested by three witnesses. 8 Ala. at 539. Later, the statute was changed to its present form, requiring only two attesting witnesses. See Barnewall v. Murrell, 108 Ala. 366,18 So. 831 (1895); Hoffman v. Hoffman, 26 Ala. 535 (1855). Thus, the language of the Bowling opinion stating that "all the witnesses," if available, are required to prove due execution is not controlling.
Section 43-1-30, Code of Alabama 1975, provides that a will must be subscribed by two witnesses to be valid and § 43-1-44
provides that a will must be proved by one or more of the subscribing witnesses. Reading these two sections together we believe that two subscribing witnesses can establish a prima facie case of execution even if there are additional witnesses. Neither of these statutes require the testimony of all subscribing witnesses and there is no reason for this court to impose such a requirement.
Additionally, we are of the opinion that the court abused its discretion in not reopening the case to allow the testimony of Ray Robbins. We quote from the record:
 "MR. PROCTOR: And I further show unto Your Honor that Ray Robbins has just called the Judicial Building here in Talladega and informed the Court that his child is born.
 THE COURT: Let me state that Mr. Robbins has not talked to me.
MR. PROCTOR: He talked to the Clerk of the Court.
 THE COURT: You said talked to the Court. You may have meant clerk.
 MR. PROCTOR: And further that Mr. Robbins notified us that he could be here in ten minutes to testify in this case. Further in support of our motion to reopen the case, Judge, we request that if it's not convenient for the Court to take the testimony of Ray Robbins at this time to recess the Court until 9:00 a.m. in the morning or some convenient time that the Court finds to take his testimony. As I stated earlier Mr. Robbins has notified us that he can be here within ten minutes if the Court so desires. We offer this in support of our motion. The reason that the Proponent is making this offer or motion for Your Honor is to reopen this case is based upon the fact that the Proponent feels that by offering the testimony of two of the three attesting witnesses to this will that we had sufficiently satisfied the requirements set out by Alabama Law in order to introduce the will into evidence and to make out a prima facie case on behalf of the Proponent. It was only after the Proponent rested and the Contestant filed a motion for a directed verdict, and further after Your Honor told the counsel for both parties in your chamber that it was your judgment that a third attesting witness was required under the law — (Interrupted) *Page 224 
 THE COURT: I don't believe I said that three attesting witnesses were required. I believe the statement I made was all attesting witnesses are required.
 MR. PROCTOR: All attesting witnesses were required when in fact the will in question does have three witnesses. One of those being Ray Robbins, and it was only after Your Honor made this explanation and indicated to us that you intended to give a directed verdict that we make this offer in support of our motion to reopen the case and we feel like that justice can only be served in this case by the reopening of it."
We consider the better practice is to call all the witnesses to the execution of a will. But under the present circumstances we are of the opinion that two witnesses were sufficient to make a prima facie case. It is inferable from the record that if the contestants seriously thought that the missing witness' testimony would in any way enhance their case, they would have subpoenaed that witness and insisted on his presence before trial, or would have been amenable to the motion to reopen the case.
The judgment of the trial court is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.